1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

11

<table>
<tr><td>

12   HELEN TORIO and VICTORIANO
     TORIO, individuals, on behalf of themselves
13   and all others similarly situated,

14                    Plaintiffs,

15          v.

16   WELLS FARGO BANK, N.A., as the
     Original Lender and Mortgage Servicer; T.D.
17   SERVICE COMPANY, as the Foreclosing
     Trustee; SUBHIKKSHA, LLC; and
18   PRAVEEN KUMAR, Broker; and all
     persons unknown, claiming any legal or
19   equitable right, title, estate, lien, or interest in
     the property described in the complaint
20   adverse to Plaintiff title, or any cloud on
     Plaintiff title thereto and, does 1 through 100,
21   inclusive,

22                    Defendants.

</td><td>

Case No.  5:16-cv-00704-HRL

**ORDER GRANTING DEFENDANTS'
MOTIONS TO DISMISS WITHOUT
LEAVE TO AMEND**

Re: Dkt. Nos. 5, 7, 12

</td></tr>
</table>

23          The Torios sue for alleged violations of federal and state law in connection with the

24   foreclosure of their home.  The complaint's allegations are rambling and, at times, unintelligible.

25   Nevertheless, the basic premise of the claims is that plaintiffs' home mortgage allegedly was

26   securitized, the securitization of the loan was defective, and defendants therefore lacked the

27   authority to foreclose.

28          Defendants Wells Fargo Bank, N.A. (Wells Fargo) and T.D. Service Company (T.D.

*United States District Court
Northern District of California*

United States District Court
Northern District of California

Service) have submitted documents[1] indicating that there were two financial transactions in connection with the subject property:   a $350,000 mortgage loan issued by Olympia Mortgage Corporation in 2003 and a $250,000 home equity line of credit issued by Wells Fargo in 2007. (Dkt. 5-2, Ex. A; Dkt. 13-1; Dkt. 13-6).  The complaint makes no attempt to identify or distinguish between these transactions; and, indeed, plaintiffs appear to conflate the two, although in their opposition they appear to acknowledge that the subject loan is the $250,000 one issued by Wells Fargo.  (Dkt. 15, Opp. at 2).  In any event, there is no allegation or any indication that the $350,000 mortgage had any connection to the $250,000 loan.  A non-judicial foreclosure was conducted with respect to the $250,000 loan---and that, apparently, is the foreclosure that is challenged in the instant action.  (Dkt. 5-2, Ex. E; Dkt. 13-4; Dkt. 15 Opp. at 2).

### $250,000 Line of Credit Issued by Wells Fargo

According to the public records submitted by defendants, and as acknowledged by plaintiffs (Opp. at 2), in April 2007, Wells Fargo issued a $250,000 home equity line of credit to the Torios, who executed a note secured by a deed of trust.  The deed of trust identifies Wells Fargo as the beneficiary; the Torios as the trustors; the $250,000 line of credit; and 4822 Plainfield Drive, San Jose, California 95111 as the property serving as security for plaintiffs' repayment obligation.  The deed of trust was recorded on April 26, 2007 by the Santa Clara County Recorder as Document 19401454.  (Dkt. 5-2, Ex. A; Dkt. 13-1;).

On April 8, 2013, a Substitution of Trustee was recorded, substituting T.D. Service as trustee in place of American Securities Company[2] (the original trustee) with respect to the $250,000 line of credit.  (Dkt. 5-2, Ex. B).

---

[1] Defendants request that the court take judicial notice of foreclosure-related documents recorded in the Santa Clara County Recorder's Office, as well as documents from the files of the Bankruptcy Court for the Northern District of California.  Plaintiffs have stated no objection to these requests.  Accordingly, defendants' requests are granted pursuant to Fed. R. Evid. 201, which allows a court to take judicial notice of an adjudicative fact "not subject to reasonable dispute," either because it "is generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).

[2] The body of the complaint refers to American Securities Company as a defendant, but that entity is not identified in the caption of the complaint.  American Securities Company has not appeared in this action, and there is no indication on the docket that the company was served.

United States District Court
Northern District of California

Wells Fargo says that it authorized the recording of a notice of default, which was recorded on April 15, 2013.  The notice of default says that the foreclosure concerns the $250,000 line of credit recorded as Document 19401454 on April 26, 2007.  It also informs plaintiffs that Wells Fargo is the beneficiary under the deed of trust and that they could contact Wells Fargo to arrange payment to stop the foreclosure.  Further, the notice of default identifies T.D. Service as the trustee under the deed of trust.  (Dkt. 5-2, Ex. C; Dkt. 13-2).

Wells Fargo says that the Torios failed to cure their delinquency, and thus, Wells Fargo continued to pursue foreclosure proceedings by recording a notice of trustee's sale on March 5, 2014.  The notice advises that the foreclosure concerns the $250,000 deed of trust recorded as Document 19401454 on April 26, 2007.  (Dkt. 13-3).

According to Wells Fargo, the foreclosure proceedings were delayed due to a series of bankruptcy petitions filed by the Torios---all of which were dismissed.  (Dkt. 13-9 through 13-13; Dkt. 13-14 through 13-18).

A second notice of trustee's sale was recorded on May 15, 2015.  This notice, like the first, advises that the foreclosure concerns the $250,000 deed of trust recorded as Document 19401454 on April 26, 2007.  (Dkt. 5-2, Ex. D; Dkt. 13-4).

A trustee's sale of the property was held on August 7, 2015.  A trustee's deed upon sale was issued in favor of the highest bidder, defendant Subhikksha, LLC.  That deed upon sale, like all of the other foreclosure documents, identifies the $250,000 deed of trust recorded as Document 19401454 on April 26, 2007.  (Dkt. 5-2, Ex. E; Dkt. 13-5; Opp. at 2).

There is no indication that the $250,000 deed of trust was ever securitized or assigned to another beneficiary.

### **$350,000 Mortgage Loan by Olympia Mortgage Corporation**

In 2003, the Torios obtained a $350,000 mortgage loan from Olympia Mortgage Corporation (Olympia) with respect to the property at 4822 Plainfield Drive, San Jose, California 95111.  The deed of trust was recorded on May 23, 2003 as Document 17060841.  (Dkt. 13-6).

The $350,000 deed of trust appears to have been assigned at least twice:  First, by assignment of deed of trust recorded on December 27, 2012, whereby MERS purportedly

transferred the $350,000 deed of trust to "Bank of New York Mellon as Trustee." (Dkt. 13-7). Second, by corporate assignment of deed of trust recorded on October 30, 2015, whereby MERS purportedly transferred the $350,000 deed of trust to "U.S. Bank National Association, as Trustee of the NRZ Pass-Through Trust V." (Dkt. 13-8). There is no indication that these assignments had any effect on the $250,000 deed of trust.

According to defendants, public records show that the $350,000 still is an encumbrance on the subject property.

Pursuant to Fed. R. Civ. P. 12(b)(6), each of the defendants now moves to dismiss the complaint for failure to state a claim for relief. Wells Fargo and T.D. Services contend that the complaint is based on an entirely false premise---i.e., that the $250,000 loan was securitized or assigned. As for defendants Subhikksha, LLC and Praveen Kumar, they argue that the complaint contains scant allegations as to them and that the majority of plaintiffs' claims fail to allege any facts pertaining to them at all. In any event, all defendants contend that the complaint does not contain sufficient facts to state a claim for relief. Plaintiffs oppose the motions.[3] Although the court granted plaintiffs' counsel's request for leave to appear by phone at the motion hearing (Dkt. 25), he made no appearance. Upon consideration of the moving and responding papers, as well as the arguments of counsel, the court grants each of the motions without leave to amend.[4]

## LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. Id. (citing Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the

---

[3] Plaintiffs' opposition was due by March 29, 2015 as to T.D. Service's motion; by April 5, 2015 as to Wells Fargo's motion; and by April 8, 2015 as to the motion filed by Subhikksha, LLC and Kumar. Plaintiffs' omnibus opposition brief, however, was not filed until April 10. The court has accepted and considered plaintiffs' papers. But, the court does not condone their tardy filing and warns against future non-compliance with filing deadlines.

[4] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

United States District Court
Northern District of California

United States District Court
Northern District of California

1  complaint must be taken as true and construed in the light most favorable to the claimant.  Id.

2  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

3  statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Moreover, "the court

4  is not required to accept legal conclusions cast in the form of factual allegations if those

5  conclusions cannot reasonably be drawn from the facts alleged."  Clegg v. Cult Awareness

6  Network, 18 F.3d 752, 754-55 (9th Cir. 1994).

7      Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

8  claim showing that the pleader is entitled to relief."  This means that the "[f]actual allegations

9  must be enough to raise a right to relief above the speculative level."  Bell Atlantic Corp. v.

10  Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted)

11  However, only plausible claims for relief will survive a motion to dismiss.  Iqbal, 129 S.Ct. at

12  1950.  A claim is plausible if its factual content permits the court to draw a reasonable inference

13  that the defendant is liable for the alleged misconduct.  Id.  A plaintiff does not have to provide

14  detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-

15  harmed-me accusation."  Id. at 1949.

16      Documents appended to the complaint or which properly are the subject of judicial notice

17  may be considered along with the complaint when deciding a Fed. R. Civ. P. 12(b)(6) motion.  See

18  Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990);

19  MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

20      While leave to amend generally is granted liberally, the court has discretion to dismiss a

21  claim without leave to amend if amendment would be futile.  Rivera v. BAC Home Loans

22  Servicing, L.P., 756 F. Supp.2d 1193, 1997 (N.D. Cal. 2010) (citing Dumas v. Kipp, 90 F.3d 386,

23  393 (9th Cir. 1996)).

**DISCUSSION**

24

25  **A.      Fed. R. Civ. P. 8**

26      Defendants argue that the complaint fails to satisfy Fed. R. Civ. P. 8 pleading standards

27  and that this failure is fatal to the entire complaint.  As discussed above, Rule 8 requires "a short

28  and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P.

United States District Court
Northern District of California

1  8(a)(2), and plaintiffs must allege sufficient facts demonstrating that they have a plausible claim

2  for relief, and not one that merely is speculative.  <u>Twombly</u>, 550 U.S. at 555; <u>Iqbal</u>, 129 S.Ct. at

3  1950.

4        Wells Fargo and T.D. Service contend the complaint is insufficiently pled in that it fails,

5  on a fundamental level, to even identify which loan forms the basis for their claims.  This court

6  agrees.  Moreover, insofar as the complaint's overall theme is that plaintiffs are entitled to relief

7  because of a botched securitization, *all* of their claims fail.  As discussed, records subject to

8  judicial notice show that the $250,000 deed of trust was not securitized and that Wells Fargo was

9  the beneficiary from the origination of the loan and remained the beneficiary through foreclosure.

10 In their opposition, plaintiffs continue to argue about the allegedly flawed securitization process,

11 but fail to address how their securitization theory survives these judicially noticeable facts.

12        As for defendants Subhikksha, LLC and Kumar, they correctly point out that they are

13 mentioned exactly twice in the complaint:    (1) in the caption; and (2) in Paragraph 13 where it is

14 alleged, on information and belief, that these defendants are "buyer and broker doing business in

15 the County of Santa Clara, State of California."  The complaint therefore is utterly inadequate to

16 state any claim as to them.

17        In any event, as discussed more fully below, the complaint fails to state sufficient facts to

18 support any of the asserted claims for relief.

19        **B.     Claim 1:  "Lack of Standing"**

20        Plaintiffs allege that, due to flaws in the securitization process, defendants failed to perfect

21 any security interest in the property and therefore did not have any authority to foreclose.  For the

22 reasons discussed above, judicially noticeable facts establish that the $250,000 loan was never

23 securitized or assigned and that Wells Fargo remained the beneficiary of the deed of trust

24 throughout.  And, there are absolutely no facts alleged pertaining to defendants Subhikksha LLC

25 and Kumar.  Plaintiffs fail to address those matters and simply argue that the motions to dismiss

26 should be denied because "[d]ue to the improper securitization and actions by unauthorized

27 parties, the Defendants did not have proper standing to conduct the foreclosure and evict the

28 Plaintiffs."  (Opp. at 4).

United States District Court
Northern District of California

Plaintiffs having failed to present any basis upon which they could allege a plausible claim for relief, leave to amend would be futile.  Accordingly, this claim is dismissed without leave to amend.

## C.   Claim 2:  "Deceit Intentional Misrepresentation"

To state a claim for fraud under California law, a plaintiff must allege:   (1) a misrepresentation (false representation, concealment, or non-disclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage.  Lazar v. Super. Ct., 909 P.2d 981, 984 (Cal. 1996).  Additionally, allegations of fraud must be stated with "specificity including an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (quoting Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004)).  To survive a motion to dismiss, "'allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'"  Id. (quoting Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001)).

The complaint's allegations as to this claim are largely unintelligible.  But, what this court gleans from them is this:   plaintiffs claim that flaws in the securitization process somehow rendered the foreclosure documents fraudulent.  Plaintiffs' rambling allegations fail to establish the requisite elements of a claim for fraud.  Moreover, plaintiffs merely lump all defendants together and fail to state with specificity who did what and when; and, there are no allegations that pertain to defendants Subhikksha LLC or Kumar.  Further, for the reasons discussed above, insofar as this claim is based entirely upon plaintiffs' botched securitization theory, plaintiffs have failed to show that they can plausibly state a claim for relief.  In their opposition, plaintiffs argue that "the chain of title was clouded by various events including the Notice of Default being recorded by TD Service Company, who was not the Trustee according to the Original Deed of Trust."  (Opp. at 4).  However, as discussed above, the publicly recorded documents show that T.D. Service was substituted as trustee before the notice of default was recorded.  (Dkt. 5-2, Ex. B

1    and C).

2         Plaintiffs further argue that "[i]f the Court is somehow not convinced by the evidence

3    already present, then the Court should allow for limited discovery on this issue to demonstrate that

4    this claim is properly pleaded." (Opp. at 5). Plaintiffs have cited no authority for the proposition

5    that they are entitled to conduct any discovery before stating a viable claim for relief. Anyway,

6    discovery cannot be used as a fishing expedition for evidence of claims that have not been

7    properly pled.

8         This claim is dismissed without leave to amend.

9    **D.    Claim 3:  Intentional Infliction of Emotional Distress**

10        "To present a claim for intentional infliction of emotional distress, a plaintiff must plead:

11   (1) defendant's extreme and outrageous conduct; (2) that defendant intended to cause, or

12   recklessly disregarded the probability of causing, emotional distress; (3) that plaintiff suffered

13   severe or extreme emotional distress; and (4) actual and proximate causation of the emotional

14   distress by defendant's outrageous conduct." Davenport v. Litton Loan Servicing, LP, 725 F.

15   Supp.2d 862, 883-84 (N.D. Cal. 2010) (citing Potter v. Firestone Tire & Rubber Co., 6 Cal.4th

16   965, 1001, 25 Cal.Rptr.2d 550, 863 P.2d 795 (1993)). "Outrageous conduct must be 'so extreme

17   as to exceed all bounds of that usually tolerated in a civilized community.'" Id. at 884 (quoting

18   Potter, 6 Cal.4th at 1001).

19        "Common sense dictates that home foreclosure is a terrible event and likely to be fraught

20   with unique emotions and angst. Where a lending party in good faith asserts its right to foreclose

21   according to contract, however, its conduct falls shy of 'outrageous,' however wrenching the

22   effects on the borrower." Id.; see also Quinteros v. Aurora Loan Servs., 740 F. Supp.2d 1163,

23   1172 (E.D. Cal. 2010) ("The act of foreclosing on a home (absent other circumstances) is not the

24   kind of extreme conduct that supports an intentional infliction of emotional distress claim.")

25   (citing cases).

26        Here, the Torios claim that defendants foreclosed with the intent of inflicting emotional

27   distress. Once again, the claim is premised upon an alleged flawed securitization in that plaintiffs

28   claim that defendants "were not entitled to [foreclose] and have no legal, equitable, or actual

United States District Court
Northern District of California

8

United States District Court
Northern District of California

1  beneficial interest whatsoever in the Property."  (Complaint ¶ 81).  Once again, there are no

2  allegations implicating the Subhikksha LLC and Kumar defendants.  Additionally, plaintiffs fail to

3  address this claim at all in their opposition.

4      This claim is dismissed without leave to amend.

5  **E.  Claim 4:  Slander of Title[5]**

6      Under California law, a slander of title claim requires a plaintiff to establish four elements:

7  "(1) a publication, (2) which is without privilege or justification, (3) which is false, and (4) which

8  causes direct and immediate pecuniary loss."  Manhattan Loft, LLC v. Mercury Liquors, Inc., 93

9  Cal. Rptr.3d 457, 464 (Cal. Ct. App. 2009).  The Torios' claim is based on their allegation that the

10  recorded foreclosure documents are invalid because "at the time of the execution and delivery of

11  said documents, Defendants had no right, title, or interest in the Property."  (Complaint ¶ 91).

12      For the reasons discussed above, this claim being based entirely on plaintiffs' botched

13  securitization theory, the complaint fails to state a plausible claim for relief.  Additionally, there

14  are no facts alleged indicating how, if at all, this claim involves the Subhikksha LLC and Kumar

15  defendants.  In any event, nonjudicial foreclosure documents are subject to the privilege under

16  California Civil Code § 47.  See Cal. Civ. Code § 2924(d); Rockridge Trust v. Wells Fargo, N.A.,

17  985 F. Supp.2d 1110, 1158 (N.D. Cal. 2013).  Plaintiffs fail to address these issues in their

18  opposition, arguing only that they have sufficiently pled a claim because "Defendants clouded

19  Plaintiffs' title through unauthorized and illegal actions concerning the note and deed pertaining to

20  the subject Property" and "the aforementioned actions make the property almost impossible to

21  sell."  (Opp. at 5).  This claim is not sufficiently pled, and plaintiffs have not suggested that there

22  is any basis upon which they could allege a plausible claim for relief.

23      This claim is dismissed without leave to amend.

24  **F.  Claim 5:  Quiet Title**

25      An action to quiet title may be brought to establish title against adverse claims to real

26  property or any interest therein.  Cal. Code Civ. Proc. § 760.020(a).  To state a claim for quiet title

27

28  [5] Although identified as the "Fifth Cause of Action" in the complaint, this claim is the fourth one asserted in the pleading.

United States District Court
Northern District of California

1    under California law, plaintiffs must include the following in their complaint:  (a) "[a] description

2    of the property that is the subject of the action"; (b) "[t]he title of the plaintiff as to which a

3    determination under this chapter is sought and the basis of the title"; (c) "[t]he adverse claims to

4    the title of the plaintiff against which a determination is sought"; (d) "[t]he date as of which the

5    determination is sought"; and (e) "[a] prayer for the determination of the title of the plaintiff

6    against the adverse claims."  Cal. Code Civ. Proc. § 761.020.

7         Wells Fargo moves to dismiss this claim on the ground that plaintiffs have not tendered the

8    amount due on the $250,000 loan.  "It is settled in California that a mortgagor cannot quiet his title

9    against the mortgagee without paying the debt secured."  Shimpones v. Stickney, 28 P.2d 673, 678

10   (Cal. 1934).  "Thus, it is dispositive as to this claim that, under California law, a borrower may not

11   assert 'quiet title' against a mortgagee without first paying the outstanding debt on the property."

12   Rosenfeld v. JPMorgan Chase Bank, N.A., 732 F. Supp.2d 952, 975 (N.D. Cal. 2010).

13        T.D. Service moves to dismiss on the ground that a quiet title action "shall name as

14   defendants . . . the persons having adverse claims to the title of the plaintiff against which a

15   determination is sought."  Cal. Code Civ. Proc. § 762.010.  As the foreclosure trustee, T.D.

16   Service says that it has no such adverse interest and neither holds nor claims title to the subject

17   property.

18        The Subhikksha LLC and Kumar defendants move to dismiss on the ground that the

19   complaint fails to comply with statutory requirements for a quiet title claim, i.e., plaintiffs did not

20   file a verified complaint containing both a legal description and the street address of the subject

21   property alleging plaintiffs' title and the basis on which it is asserted, the adverse claims against

22   which a determination is sought, the date as of which determination is sought; and a prayer for the

23   determination of plaintiffs' title against the adverse claims.  See Cal. Code Civ. Proc. § 761.020.

24        In their opposition, plaintiffs acknowledge that defendants' arguments would be valid "if

25   this case involved a straightforward real estate transaction where fraud did not occur."  (Opp. at 5).

26   They maintain that "[i]n this case, an action arose to rectify Defendants' unlawful breach of their

27   duties and their fraudulent procurement of legal title."  (Id.).  These arguments fail to save this

28   claim.  As discussed, the entire premise of plaintiffs' complaint is that defendants had no right to

1    foreclose due to alleged flawed securitization of the loan; and, plaintiffs fail to explain how their

2    securitization theory survives judicially noticeable facts demonstrating that the $250,000 loan was

3    not securitized or assigned.

4          This claim is dismissed without leave to amend.

5    **G.    Claim 6:  Declaratory Relief**

6          "The fundamental basis of declaratory relief is an actual, present controversy."  <u>Friends of</u>

7    <u>the Trails v. Blasius</u>, 93 Cal. Rptr.2d 193, 206 (Cal. Ct. App. 2000).  As discussed, the entire

8    premise of plaintiffs' complaint is that defendants had no right to foreclose due to alleged flawed

9    securitization of the loan; and, plaintiffs fail to explain how their securitization theory survives

10   judicially noticeable facts demonstrating that the $250,000 loan was not securitized or assigned.

11   Additionally, the complaint fails to describe any ongoing actions by T.D. Services as foreclosure

12   trustee.

13         This claim is dismissed without leave to amend.

14   **H.    Claim 7:  California Civil Code § 2932.5**

15         California Civil Code § 2932.5 requires that an assignment of the beneficial interest in a

16   debt secured by real property must be recorded in order for the assignee to exercise the power of

17   sale.[6]  The Torios allege that, due to an alleged botched securitization, defendants cannot show

18   valid and recorded assignments.  (Complaint ¶ 110).  In their opposition, they merely reiterate that

19   allegation.  (Opp. at 7).  However, California courts have generally held that Section 2932.5

20   applies only to mortgages, and not to loans secured by a deed of trust.  <u>Calvo v. HSBC Bank USA,</u>

21   <u>N.A.</u>, 130 Cal. Rptr.3d 815, 818 (Cal. Ct. App. 2011) ("It has been established since 1908 that this

22   statutory requirement that an assignment of the beneficial interest in a debt secured by real

23   property must be recorded in order for the assignee to exercise the power of sale applies only to a

24   ―――――――――――――――

25   [6] California Civil Code § 2932.5 provides:

26         Where a power to sell real property is given to a mortgagee, or other
         encumbrancer, in an instrument intended to secure the payment of money,
27        the power is part of the security and vests in any person who by assignment
         becomes entitled to payment of the money secured by the instrument. The
28        power of sale may be exercised by the assignee if the assignment is duly
         acknowledged and recorded.

United States District Court
Northern District of California

1    mortgage and not to a deed of trust."); <u>Gomez v. Wells Fargo Home Mortgage</u>, No. C11-01725

2    LB, 2011 WL 5834949 at *11 (N.D. Cal., Nov. 21, 2011) (same).  In any event, plaintiffs fail to

3    explain how this claim survives in view of judicially noticeable facts demonstrating that the

4    $250,000 home equity line of credit was not assigned and that Wells Fargo held the beneficial

5    interest in the deed of trust from the origination of the loan through foreclosure.

6            This claim is dismissed without leave to amend.

7        **I.      Claim 9:  Wrongful Foreclosure**

8            In order to successfully state a claim for wrongful foreclosure, plaintiffs must plead that (1)

9    the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property

10   pursuant to a power of sale in a mortgage or deed of trust; (2) they were prejudiced or harmed; and

11   (3) they tendered the amount of the secured indebtedness or was excused from tendering.  <u>Lona v.

12   Citibank, N.A.</u>, 134 Cal. Rptr.3d 622, 633 (Cal. App. Ct. 2011).

13           In their opposition, plaintiffs contend that they have asserted sufficient facts establishing

14   that "Defendants did not properly substitute parties as required under Civil Code 2923 in order to

15   foreclose on the Plaintiffs' house."  (Opp. at 8).[7]  As with all of plaintiffs' other claims, however,

16   the wrongful foreclosure claim is premised upon an alleged faulty securitization, and the

17   complaint contains no allegations forming the basis for a claim as to the Subhikksha LLC and

18   Kumar defendants.  For the reasons discussed above, this claim is not sufficiently pled, and

19   plaintiffs have not suggested that there is any basis upon which they could allege a plausible claim

20   for relief.

21           This claim is dismissed without leave to amend.

22       **J.      Claim 10:  California Civil Procedure Code § 726**

23           "California Code of Civil Procedure § 726 embodies, in relevant part, a 'security first' rule,

24   requir[ing] a secured creditor to proceed against the security before enforcing the underlying

25   debt."  <u>Rockridge</u>, 985 F. Supp.2d at 1141 (citation omitted).  The Torios' claim fails.  To begin,

26

27   ───────────────

     [7] The relevance of California Civil Code § 2923 is unclear, since that statute simply provides:
28   "The lien of a mortgage is special, unless otherwise expressly agreed, and is independent of
     possession."

*United States District Court*
*Northern District of California*

the claim is asserted against the "PSA [Pooling Service Agreement] TRUSTEE," and the complaint does not identify any of the defendants as a "PSA Trustee." (See Complaint ¶¶ 9-13). Moreover, there is no allegation that Wells Fargo sought to recover on the $250,000 directly before seeking to enforce the $250,000 deed of trust through nonjudicial foreclosure. Nor have plaintiffs asserted any facts suggesting that they could amend their allegations to state a plausible claim for relief.

This claim is dismissed without leave to amend.

**K.      Claim 11:  Civil RICO, 18 U.S.C. §§1961(5), 1962(b)**

The RICO (Racketeer Influenced and Corrupt Organizations) Act makes it illegal for "any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce." 18 U.S.C. § 1962(b). "Racketeering activity" is defined as a number of specific criminal acts under federal and state laws. Id. § 1961(1). A "'pattern of racketeering activity' requires at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity." Id. § 1961(5). Inasmuch as plaintiffs' RICO claim appears to be based on alleged fraudulent acts, those predicate crimes must be pled with particularity. Fed. R. Civ. P. 9(b); Odom v. Microsoft Corp., 486 F.3d 541, 553-54 (9th Cir. 2006).

Here, the complaint's allegations are conclusory and do not adequately plead the existence of an enterprise, the nature of the alleged enterprise, the defendants' purported role in the enterprise, or a pattern of racketeering activity. Nor does the complaint sufficiently allege the predicate acts that form the basis of the pattern of racketeering activity. Moreover, insofar as this claim appears to be based entirely on plaintiffs' theory that defendants had no right to foreclose due to alleged flawed securitization of the loan, plaintiffs fail to explain how their securitization theory survives judicially noticeable facts demonstrating that the $250,000 loan was not securitized or assigned.

This claim is dismissed without leave to amend.

13

**L.      Claim 8:   Violation of California Business & Professions Code § 17200**

California's Unfair Competition Law (UCL) prohibits "unfair competition," which is defined as any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.  UCL claims may be brought "by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition."  Id. § 17204.

The Torios' claim fails because it is premised on alleged errors in the securitization process when judicially noticeable facts demonstrate that the $250,000 loan was never securitized or assigned.  Plaintiffs fail to demonstrate their standing pursuant to Section 17200 because they have not alleged sufficient facts showing that they suffered a loss or deprivation of money or property caused by the alleged unfair business practice that is the gravamen of the claim.  Kwikset Corp. v. Super. Ct., 246 P.3d 877, 885 (Cal. 2011).

They also fail to state a claim under any prong of the statute.  For the reasons discussed above, their claim fails under the "unlawful" and "unfair" prongs of Section 17200 because it is based on an alleged faulty securitization that apparently never occurred with respect to the subject loan.  Plaintiffs' claim also fails under the "fraudulent" prong of Section 17200.  "UCL claims premised on fraudulent conduct trigger the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure." Rockridge, 985 F. Supp.2d at 1165 (citing Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009)).  Plaintiffs fail to allege facts that satisfy this heightened standard.  Nor have they demonstrated that they could allege a plausible claim for relief.

In any event, although violation of almost any federal, state, or local law may serve as the basis for a UCL claim, see Saunders v. Super. Ct., 33 Cal. Rptr.2d 438, 441 (Cal. Ct. App. 1994), plaintiffs' § 17200 claim necessarily rises or falls with their other claims for relief.  Because each defendant's motion to dismiss is granted without leave to amend as all of plaintiffs' underlying claims for relief, plaintiffs' § 17200 claim is also dismissed without leave to amend.

United States District Court
Northern District of California

14

<strong>ORDER</strong>

Based on the foregoing:

1.  Defendant Wells Fargo's motion to dismiss is granted without leave to amend.

2.  Defendant T.D. Service's motion to dismiss is granted without leave to amend.

3.  Defendants Subhikksha, LLC's and Praveen Kumar's motion to dismiss is granted
    without leave to amend.

The clerk shall enter judgment and close this file.

SO ORDERED.

Dated:   May 4, 2016

_____
HOWARD R. LLOYD
United States Magistrate Judge

United States District Court
Northern District of California

15

5:16-cv-00704-HRL Notice has been electronically mailed to:

Jonathan Donald Matthews     arbitrator@yahoo.com

Lawrence Jay Dreyfuss     larry@dreyfusslaw.com

Thomas Nathaniel Abbott     tna@severson.com, efiling@severson.com, sas@severson.com

Victoria Robinson Smith     staffvrslaw@gmail.com

United States District Court
Northern District of California